# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| H. THAYNE DAVIS, | : | |
| Plaintiff, | : | Case No. 3:04cv00059 |
| vs. | : | Chief Magistrate Judge Sharon L. Ovington |
| LIFETIME CAPITAL, INC., | : | |
| Defendant. | : | |

## ORDER

This case is presently before the Court upon five Motions to Intervene by individuals claiming a financial interest in Lifetime Capital, Inc. (Doc. #s 1333, 1335, 1336, 1337, 1339). The Receiver opposes their intervention on the ground that they do not satisfy the requirements for intervention set forth in Fed. R. Civ. P. 24. (Doc. #s 1338, 1340).

Previously, resolution of these Motions was stayed because the legal standards applicable to intervention were at issue in Natlis Capital, LLC's appeal of the denial of its Motion to Intervene. (Doc. #1307). The Sixth Circuit Court of Appeals recently resolved that appeal by permitting Natlis Capital to intervene under Rule 24(a). (Doc. #1383).

Although counsel for the Receiver has detailed why the pending Motions to Intervene should be denied, only brief discussion is necessary in light of the Court of Appeals' recent decision.

Rule 24(a) of the Federal Rules of Civil Procedure applies to intervention as of right.  The rule "require[s] an applicant to show that: 1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (internal citation omitted).  "Each of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention . . . ." *Id.*  To resolve whether a proposed intervenor has satisfied Rule 24(a)'s four-part test, "the factual circumstances considered under Rule 24(a) should be 'broadly construed in favor of potential intervenors.  Close cases should be resolved in favor of recognizing an interest under Rule 24(a).'" (Doc. #1383, PageID at 14622) (*Davis v. Lifetime Capital LLC, Natlis Capital LLC Intervenor-Appellant*, App. No. 11-4442 (6th Cir. March 15, 2014)).

Beginning with the timeliness of the pending Motions to Intervene, the majority of applicable timeliness factors, *see Blount-Hill*, 636 F.3d at 284, weigh in favor of permitting intervention.  As to the first factor, although this case has progressed very far, "[r]eceiverships proceed in a non-linear fashion and are indefinite in duration.  As such, they do not fit within the limited circumstances under which . . . [intervention is denied] on the basis of substantial progress."  (Doc. #1383, PageID at 14624) (citations omitted).  As to the second factor, the Proposed Intervenors have alleged a sufficiently important interest in protecting their claimed financial interests.  Accordingly, these factors weigh in

2

favor of intervention.

As to the third factor, the Proposed Intervenors have doubtlessly known, or should have known, about their claimed financial interest for some time.  The issue of ownership regarding proceeds from the Jordan policies – the financial interest the Proposed Intervenors currently seek to protect – arose in 2004 when the Receiver filed a Motion for Order Clarifying the Status of Matured Policy Proceeds as Receivership Assets and Brief in Support (Doc. #82).  The issue was also the subject of a settlement agreement approved by this Court on April 4, 2006.  (Doc. #416).  Proposed Intervenors therefore knew or should have known about their claimed financial interest in the Jordan policies no later than around the time the settlement agreement was reached and approved in 2006.  It was not until they sent letters to the Court in 2010 that the record indicates they expressed even the slightest interest in ownership of the Jordan policies.  Even construing this factor in favor of the Proposed Intervenors, their delay in filing the respective motions after they knew or should have known of their claimed interest in the Jordan policies provides some weight against the timeliness of their motions.

Proceeding to the fourth factor, prejudice to the original parties – the "most important" timeliness consideration, *id*., PageID at 14628 – the Proposed Intervenors were previously informed that the Court had not disallowed any legal interest each might have in proceeds from the Jordan policies and that they were not precluded from pursuing independent action. (Doc. #s 1207, 1262, 1304, 1305).  The Proposed Intervenors' present motions are consistent with that prior information they received from this Court.

3

(Doc. # 1207). Not permitting them to presently intervene based even in part on prejudice to the Receiver would conflict with the Court's previous conclusion that they were not precluded from pursuing independent action. *Cf.* Doc. #1383, PageID at 14628 ("A court cannot squeeze a proposed intervenor from both ends by first ruling a motion to intervene premature and then ruling a second motion to intervene too late.")(citation omitted). Additionally, "[t]he proper metric is the incremental prejudice the parties have suffered from allowing [intervention] . . . ." *Id.*, PageID at 1384. At present, it is not manifest on the face of the record that anything more than incidental "incremental prejudice" will befall the Receiver or the Receivership. The Receiver argues otherwise by pointing out that allowing intervention now would result in yet more expense and delay to the Receivership Estate . . . ." (Doc. #1338, PageID at 14118). But this will almost always be true when there has been a delay in filing a motion to intervene. Without more specific information showing incremental prejudice to the Receiver and the Receivership, this factor does not defeat the Proposed Intervenors' present effort to intervene. *Cf.* Doc. #1383, PageID at 14629; *see also id.*, PageID at 14626 ("When competing inferences may be drawn from the same facts, this court is required to construe the facts in favor of the would-be intervenor.")(citation omitted).

      After weighing the factors discussed above, the Court finds the Proposed Intervenors' motions to be timely filed. *See Blount-Hill*, 636 F.3d at 284 ("No one factor is dispositive, but rather the 'determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances.'" *Id*. at 283 (citing

4

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2011)).

Lastly, turning to the remaining Rule 24(a)(2) intervention factors, *supra*, p. 2, the Proposed Intervenors seek to recover a claimed financial interest from the Receivership. This is a property interest sufficient to demonstrate their legal interest in the Receivership. (Doc. #1383, PageID at 14631). The remaining two factors in Rule 24(a)(2) favor intervention as they did for Natlis Capital. *See id*., PageID at 14632-33.

## IT THEREFORE ORDERED THAT:

The presently pending five Motions to Intervene (Doc. #s 1333, 1335, 1336, 1337, 1339) are GRANTED.

March 27, 2014

              s/Sharon L. Ovington
               Sharon L. Ovington
             Chief United States Magistrate Judge