# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| H. THAYNE DAVIS, | : | |
| Plaintiff, | : | Case No. 3:04cv00059 |
| vs. | : | Chief Magistrate Judge Sharon L. Ovington |
| LIFETIME CAPITAL, INC., | : | |
| Defendant. | : | |

## ORDER

On September 11, 2014, the Receiver filed a First Amended Answer to Cross-Claim of Intervenor Natlis Capital, LLC (Doc. #1427). Within the pleading, the Receiver also asserted counterclaims against Natlis. Pursuant to Fed. R. Civ. P. 12(a)(B), Natlis had until October 6, 2014 to file a pleading in response to the counterclaims. Natlis did not timely file a response.

Presently, this case is before the Court upon the Receiver's Motion for Entry of Default Against the Intervenor/Counterclaim Defendant Natlis Capital, LLC (Doc. #1428); Natlis Capital, LLC's Response in Opposition and Motion for Leave to File Reply to Counterclaims Instanter (Doc. #1432); the Receiver's Reply (Doc. #1438); and the record as a whole.

The Receiver argues, pursuant to Fed. R. Civ. P. 55(a), that entry of default is warranted. (Doc. #1428, *PageID#* 14983). Natlis claims its "error was absolutely

inadvertent and was by no means willful" and "occurred very early in the case when no prejudice would come to the Receiver." (Doc. #1432, *PageID#* 15005).

Fed. R. Civ. P. 55 provides for a two-step process in obtaining a default against a defendant who has failed to plead or otherwise defend. A plaintiff must first request from the Clerk of Court an entry of default. Fed. R. Civ. P. 55(a). Thereafter, and upon receiving an entry of default, the plaintiff then must move the Court for a default judgment. Fed. R. Civ. P. 55(b). Default judgment, however, is a "drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. Inc. v. Seaboard Coastline RR*, 705 F.2d 839 (6th Cir. 1983).

Fed. R. Civ. P. 6(b)(1) provides, in pertinent part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Factors the Court considers in determining whether excusable neglect has been establish include: "(1) the danger of prejudice to the nonmoving part, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Coast to Coast Health Care Servs. v. Meyerhoffer*, 2011 U.S. Dist. LEXIS 65181 (S.D. Ohio 2011) (citing *Nafziger v. McDermott Int'l Inc.*, 467 F.3d 514, 522 (6th Cir. 2006); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

Here, Natlis' counsel indicated the failure to timely file a reply to the Receiver's counterclaims was an unintentional oversight due to an experienced legal assistant making a "totally inadvertent docketing error." (Doc. #1432, *PageID#* 15005). Thereafter, Natlis promptly moved for leave to file its reply. In addition, there is no evidence to indicate Natlis acted in bad faith or that its failure to timely file a reply was anything other than an unfortunate mistake. The Receiver also will not be prejudiced by such a short delay. Accordingly, the Court concludes that Natlis has demonstrated excusable neglect for its failure to timely file a reply to the Receiver's counterclaims and is therefore granted leave to do so.

The Receiver's Motion for Entry of Default Against Natlis Capital, LLC (Doc. #1428) is therefore DENIED and Natlis' Answer to the Receiver's Counterclaims (Doc. #1431) is accepted as filed.

**IT IS SO ORDERED.**

April 8, 2015

                 s/Sharon L. Ovington
                 Sharon L. Ovington
              Chief United States Magistrate Judge