# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| H. THAYNE DAVIS, | : Case No. 3:04-cv-59 |
| Plaintiff, | : |
| vs. | : Magistrate Judge Sharon L. Ovington |
| LIFETIME CAPITAL, INC., *et al.*, | : |
| Defendants. | : |

## ORDER

This matter is before the Court on Receiver's Final Report, Notice of Termination and Request for Discharge Order. (Doc. No. 1676). Upon careful review, and for good cause shown, it is therefore **ORDERED** that:

1. The Notice of Termination, and the Receiver's Final Report included therein, is proper and meets the requirements of this Court's Order of Appointment of the Receiver.

2. All claims or potential claims against Lifetime Capital and its related entities and the Receiver not previously addressed by this Order or prior Orders of this Court are disallowed entirely and forever barred.

3. All of the Receiver's acts and transactions, including those of his agents, employees, members, officers, independent contractors, attorneys, and representatives, as Receiver in this matter during the duration of this

receivership, are ratified, confirmed, and approved as being necessary, proper and in the best interest of the receivership estate.

4.  All of the Examiner's acts and transactions, including those of his agents, employees, members, officers, independent contractors, attorneys, and representatives, as Examiner in this matter during the duration of this receivership, are ratified, confirmed, and approved as being necessary, proper and in the best interest of the receivership estate.

5.  The receivership is hereby terminated and the Receiver, his agents, employees, members, officers, independent contractors, attorneys, and representatives are discharged from any and all liabilities, duties, responsibilities, obligations and authority arising from, related to, derived from or defined in the Court's Order of Appointment, as clarified and modified, or any other order entered by this Court during the course of this receivership. The Receiver, his agents, employees, members, officers, independent contractors, attorneys, and representatives, shall not be liable for compliance with any order, including, but not limited to, orders of this Court or any rule, law or decree except upon a finding by this Court that the Receiver acted or failed to act as a result of bad faith, gross negligence, fraud or in reckless disregard of his duties.

6.  Notwithstanding the termination of the receivership, the Receiver is granted limited residual authority to perform certain tasks for the termination of the receivership, including, but not limited, all further action necessary to

implement this Order. Notwithstanding the termination of the receivership under this Order, the Receiver is hereby authorized to take such acts and conduct such business (including the payment of professional fees and expenses as provided herein) and execute and deliver such instruments, agreements and other documents that the Receiver deems necessary and appropriate to conclude the receivership and implement the terms of this Order. Furthermore, the Receiver is authorized to pursue claims for payment of unclaimed funds relating to LifeTime Capital or LifeTime Capital related investments or assets investors, including but not limited to Ohio Department of Commerce Claim 9295566.

7. The Receiver's request for approval and authorization to pay professional fees and expenses included in the Notice of Termination is approved. The Receiver shall distribute amongst all parties owed an equitable share of the amounts left available after payment of any pending or additional expenses incurred in the winding up of the affairs of the receivership, or as agreed to by the Receiver and those parties.

8. The Receiver in a reasonably timely manner destroy all books, records, electronically stored information and other materials relating to the receivership.

9. Consistent with the terms of the Amended Judgment entered in the case of *United States vs. David W. Svete*, Case # 3:04cr10-001/MCR, the Receiver shall petition the United States District Court for the Northern District of

      Florida (Pensacola) to turn over all information and documentation regarding restitution to the Clerk of that court for continued restitution collection.

10. This Court shall retain exclusive jurisdiction over any and all claims arising out of or relating to this receivership, including, but not limited to, any transactions occurring during the course of the receivership and any act or omission by the Receiver, or its agents, employees, members, officers, independent contractors, attorneys or representatives, in the discharge of his duties as Receiver during this receivership; no party shall file in any court, administrative tribunal, or other adjudicatory forum, against the Receiver, or his agents, employees, members, officers, independent contractors, attorneys or representatives, any claim arising out of or relating to this receivership, including, but not limited to, any transactions occurring during the course of the receivership and any act or omission by the Receiver in his capacity as Receiver during this receivership, unless the filing party first: (a) makes a showing of good cause for the assertion of the claim; and (b) demonstrates financial ability to indemnify the Receiver, or its agents, employees, members, officers, independent contractors, attorneys and representatives for and against all costs and expenses they incur relating to or arising out of their defense against any such claims, should the action be ultimately unsuccessful.

11. This Order constitutes a final Order adjudicating all the claims and the rights and reliabilities of all parties and other claimants arising out of or relating to the matters addressed in the Notice of Termination. This Order is immediately effective pursuant to Federal Rule of Civil Procedure 62(a) as it pertains to receiverships.

12. The case is hereby terminated on this Court's docket.

**IT IS SO ORDERED**.

October 15, 2021                              *s/Sharon L. Ovington*
                                                     Sharon L. Ovington
                                                     United States Magistrate Judge